# EXHIBIT A

Alex Farzan (SBN 312771)
THE LAW OFFICE OF ALEX FARZAN
10940 Wilshire Blvd., Suite 2010
Los Angeles, CA 90024
(424) 325-3112
(424) 325-6311 fax
Alex@Farzanlaw.com

Attorneys for Plaintiff,
DIONNA TURNER

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/19/2026 10:50 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Ceballos, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DIONNA TURNER,<br><br>        Plaintiff,<br><br>    vs.<br><br>AMAZON.COM SERVICES LLC, and DOES 1 to 10,<br><br>        Defendants. | Case No.:   26NWCV00617<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **NEGLIGENCE – PRODUCTS LIABILITY**<br>2. **STRICT PRODUCTS LIABILITY – FAILURE TO WARN**<br>3. **STRICT PRODUCTS LIABILITY – DESIGN DEFECT**<br>4. **STRICT PRODUCTS LIABILITY- MANUFFACTURING DEFECT**<br>5. **BREACH OF IMPLIED WARRANTIES**<br>6. **BREACH OF EXPRESS WARRANTIES**<br><br>*[Demand for Jury Trial]* |

Plaintiff DIONNA TURNER ("Plaintiff" or "DIONNA"), by and through his counsel of record, hereby brings the following Complaint against Defendants AMAZON.COM SERVICES LLC, ("AMAZON") and DOES 1 to 10, (Collectively, "Defendants") for damages and equitable relief as described below:

1

PLAINTIFF'S COMPLAINT

## INTRODUCTION

1.    This matter arises from an incident on August 3, 2025, wherein the Defendants' defective glass bottle spontaneously fractured while Plaintiff was securing the lid causing serious injuries to Plaintiff's left hand, resulting in a surgery.

## THE PARTIES

2.    Plaintiff DIONNA TURNER is an individual who, at all times material to this case, resides in 5135 Premier Ave. Lakewood, CA 90712.

3.    Defendant AMAZON is a duly incorporated company that has its principal place of business on 410 TERRY AVE. NORTH SEATTLE, WA 98109. Defendant AMAZON is engaged in the business of designing, manufacturing, inspecting, testing, importing, preparing for sale, selling, distributing, and promoting glass bottles, such as the one purchased by Plaintiff DIONNA TURNER.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sued Defendants by such fictitious names under Code of Civil Procedure § 474.    Plaintiff alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.

5.    DOES 1 to 10 are the designers, manufacturers, distributors, and sellers of the subject product.

## JURISDICTION AND VENUE

6.    Jurisdiction and venue are proper in this Court pursuant to Code Civ. Proc. 395(a) because the subject incident occurred in 5135 Premier Ave. Lakewood, CA 90712.

7.    This court has specific personal jurisdiction over Defendants because Defendants have minimum contacts within the State of California giving rise to this action. Specifically, AMAZON has targeted the sale of the SUBJECT PRODUCT all throughout the State of California, including Plaintiff.

2

PLAINTIFF'S COMPLAINT

## FACTUAL BACKGROUND

8.     The product at issue here is an AiHeart Initial Glass Cup (hereinafter, "SUBJECT PRODUCT").[1]

9.     On or around May 7, 2025 Plaintiff purchased the SUBJECT PRODUCT from Amazon.com.

10.     On August 3, 2025, Plaintiff filled the SUBJECT PRODUCT with water while getting ready for work.

11.     After refilling the cup, Plaintiff attempted to secure the SUBJECT PRODUCT'S lid. However, upon pressing the cap into place, the glass portion of the cup inexplicably fractured.

12.     As a result, a sharp piece of glass impaled Plaintiff's left hand, causing an immediate and severe injury.

13.     Plaintiff was transported to the emergency room for treatment of her injuries. She ultimately received surgery.

14.     Despite receiving medical care, Plaintiff continues to experience difficulty moving her left hand and suffers from nerve damage, including loss of sensation in her fingers.

15.     As a direct and proximate result of Defendants defective product and negligent conduct, Plaintiff has suffered and continues to suffer substantial harm, including but not limited to physical pain, emotional distress, permanent scarring, nerve damage, loss of function, and other damages according to proof at trial.

## FIRST CAUSE OF ACTION

## NEGLIGENCE- PRODUCTS LIABILITY

### (By Plaintiff Against all Defendants)

16.     Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

17.     At all times relevant, Defendants, negligently and carelessly designed, manufactured, tested, inspected, distributed, and sold the SUBJECT PRODUCT, a glass beverage

---

[1] The SUBJECT PRODUCT can be found here:: https://www.amazon.co.uk/AiHeart-Glass-Tumbler-Handle-Monogrammed/dp/B0D9CMMGTX

3

container with a press-fit lid. Defendants injected the SUBJECT PRODUCT into the stream of commerce within the State of California in a dangerous and defective condition that posed an unreasonable risk of harm to consumers, including Plaintiff.

18. Defendants failed to exercise reasonable care in the design and manufacture of the SUBJECT PRODUCT by utilizing fragile materials and failing to ensure that the glass could withstand the normal pressure applied when securing the lid. Defendants further failed to perform adequate quality control, testing, or inspection, that would have revealed the SUBJECT PRODUCT'S susceptibility to fracture during ordinary use.

19. Defendants also failed to provide adequate warnings or instructions regarding the foreseeable risk that the SUBJECT PRODUCT could collapse when securing the SUBJECT PRODUCT'S lid.

20. Defendants knew, or reasonably should have known that the SUBJECT PRODUCT, and those alike, were dangerous when used or misused in a reasonably foreseeable manner.

21. As a result of the tortious or wrongful conduct of Defendants, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, as well as of the Defendants' tortious failure to warn users of this dangerous condition, the SUBJECT PRODUCT seriously injured Plaintiff during reasonably foreseeable use, causing her severe and substantial, injuries both physically and emotionally.

## SECOND CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY-FAILURE TO WARN

**(By Plaintiff Against all Defendants)**

22. Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

23. Defendant and DOES 1 through 10, inclusive were engaged in the business of designing, manufacturing, testing, inspecting, repairing, modifying, servicing, distributing, wholesaling, importing, preparing for sale, and retailing, glass bottles, including, but not limited

4

to, the SUBJECT PRODUCT that Plaintiff used, and all of its respective component parts, which was involved in the incident upon which this lawsuit is based which legally and proximately caused the injuries and damages to Plaintiff as alleged in this Complaint.

24.     The SUBJECT PRODUCT had potential risks that were known by Defendants.

25.     Namely, Defendants failed to provide adequate warnings or instructions regarding the risk of glass fracturing during ordinary use, including while pressing the lid, posing a serious threat of injury to consumers such as Plaintiff.

26.     On August 3, 2025, Plaintiff was using the SUBJECT PRODUCT in a foreseeable manner and for reasonably foreseeable purposes.

27.     Defendants failed to warn and/or adequately warn users about the aforementioned known dangers and risks with the SUBJECT PRODUCT.

28.     Ordinary consumers such as Plaintiff did not and could not recognize the potential risks associated with closing the SUBJECT PRODUCT'S lid. Plaintiff was merely an average consumer trying to close the SUBJECT PRODUCT when it suddenly collapsed, causing serious injuries to Plaintiff's left hand.

29.     As a direct and proximate result of the tortious or wrongful conduct of Defendants, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, as well as of the Defendants' tortious failure to warn users of this dangerous condition, the SUBJECT PRODUCT seriously injured Plaintiff during reasonably foreseeable use, thus causing her to sustain severe, and substantial, injuries both physically and emotionally. As a further direct and proximate result of the Defendants' acts alleged in this Complaint, Plaintiff has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

### THIRD CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY – DESIGN DEFECT
#### (By Plaintiff Against all Defendants)

5

30. Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

31. Defendant and DOES 1 through 10, inclusive were engaged in the business of designing, manufacturing, testing, inspecting, repairing, modifying, servicing, distributing, wholesaling, importing, preparing for sale, and retailing, glass bottles, including, but not limited to, the SUBJECT PRODUCT that Plaintiff used, and all of its respective component parts, which was involved in the incident upon which this lawsuit is based which legally and proximately caused the injuries and damages to Plaintiff as alleged in this Complaint.

32. The SUBJECT PRODUCT was defectively designed in that the glass used in its construction was too thin or otherwise structurally inadequate to withstand the normal pressure applied when securing the lid.

33. An ordinary user, such as Plaintiff, would not have recognized the potential risks and dangers inherent in the SUBJECT PRODUCT.

34. Defendants failed to implement safer design alternatives or conduct adequate safety testing of glass beverage containers with press-fit lids. Defendants knew or should have known that the combination of a rigid glass body and a tight-fitting lid creates internal pressure and stress on the glass structure, making it susceptible to sudden collapse during normal use. Despite this knowledge, Defendants failed to redesign the SUBJECT PRODUCT.

35. The SUBJECT PRODUCT did not perform as safely as an ordinary consumer would expect when used in a reasonably foreseeable manner. When Plaintiff refilled the SUBJECT PRODUCT and pressed the lid into place, she reasonably expected that the cup would remain intact and would not suddenly fracture or expose her to serious injuries.

36. Defendants knew or reasonably should have known that the SUBJECT PRODUCT was dangerous when used in a reasonably foreseeable manner.

37. As a result of the tortious or wrongful conduct of Defendants, and due to the Defendants tortious failure to warn users of this dangerous condition, the SUBJECT PRODUCT seriously injured Plaintiff during reasonably foreseeable use, thus causing her to sustain severe,

6

PLAINTIFF'S COMPLAINT

and substantial, injuries both physically and emotionally. As a further direct and proximate result of the Defendants' acts alleged in this Complaint, Plaintiff has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

## FOURTH CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

### (By Plaintiff Against all Defendants)

38.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

39.    Defendant and DOES 1 through 10, inclusive were engaged in the business of designing, manufacturing, testing, inspecting, repairing, modifying, servicing, distributing, wholesaling, importing, preparing for sale, and retailing, glass bottles, including, but not limited to, the SUBJECT PRODUCT that Plaintiff used, and all of its respective component parts, which was involved in the incident upon which this lawsuit is based which legally and proximately caused the injuries and damages to Plaintiff as alleged in this Complaint.

40.    Plaintiff is informed and believes, and thereupon alleges, the SUBJECT PRODUCT contained a manufacturing defect when it left Defendant's possession. Specifically, the SUBJECT PRODUCT deviated from its intended design in that the glass was improperly tempered or structurally weakened during production, rendering it prone to fracture during normal use.

41.    As a result of this defect, the glass portion of the SUBJECT PRODUCT suddenly fractured when Plaintiff pressed the lid into place, causing a shard of glass to impale Plaintiff's hand. This malfunction would not have occurred had the SUBJECT PRODUCT been properly designed, manufactured, and tested to withstand ordinary use and the reasonable pressure applied when securing the lid.

42.    As a direct and proximate result of the tortious or wrongful conduct of Defendant, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, the SUBJECT PRODUCT seriously injured Plaintiff during reasonably foreseeable use, thus causing

7

Plaintiff to sustain severe, and substantial, injuries both physically and emotionally. As a further direct and proximate result of the Defendants' acts alleged in this Complaint, Plaintiff has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

## FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTIES

### (By Plaintiff Against all Defendants)

43.     Plaintiff incorporates herein by reference and re-allege each and every paragraph of this Complaint as though duly set forth herein.

44.     Defendants impliedly warranted Plaintiff that the SUBJECT PRODUCT was fit for the purpose for which it was to be used, was free from design and manufacturing defects, and was in usable, complete, and undamaged condition fit for its intended purpose.

45.     Defendants breached these implied warranties in that the SUBJECT PRODUCT was defective and unreasonably dangerous, as the SUBJECT PRODUCT was prone to fracture during normal use. These defects and dangers were a legal and proximate cause of Plaintiff's severe and permanent injuries, including nerve damage, loss of sensation, and impairment of hand function.

46.     An ordinary user, such as the Plaintiff, would not have recognized the potential risks and dangers inherent in the SUBJECT PRODUCT.

47.     As a direct and proximate result of the tortious or wrongful conduct of Defendant, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, the SUBJECT PRODUCT seriously injured Plaintiff during reasonably foreseeable use, thus causing Plaintiff to sustain severe, and substantial, injuries both physically and emotionally. As a further direct and proximate result of the Defendants' acts alleged in this Complaint, Plaintiff has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

8

## FIFTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTIES

### (By Plaintiff Against all Defendants)

48.     Plaintiff incorporates herein by reference and re-allege each and every paragraph of this Complaint as though duly set forth herein.

49.     Defendants expressly warranted Plaintiff that the SUBJECT PRODUCT was fit for the purpose for which it was to be used, was free from design and manufacturing defects, and was in usable, complete, and undamaged condition fit for its intended purpose.

50.     Defendants breached these express warranties in that the SUBJECT PRODUCT was defective and unreasonably dangerous, as the SUBJECT PRODUCT was prone to fracture during normal use. These defects and dangers were a legal and proximate cause of Plaintiff's severe and permanent injuries, including nerve damage, loss of sensation, and impairment of hand function.

51.     An ordinary user, such as the Plaintiff, would not have recognized the potential risks and dangers inherent in the SUBJECT PRODUCT.

52.     As a direct and proximate result of the tortious or wrongful conduct of Defendant, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, the SUBJECT PRODUCT seriously injured Plaintiff during reasonably foreseeable use, thus causing Plaintiff to sustain severe, and substantial, injuries both physically and emotionally. As a further direct and proximate result of the Defendants' acts alleged in this Complaint, Plaintiff has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

9

PLAINTIFF'S COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DIONNA TURNER, requests judgment against Defendants AMAZON.COM SERVICES LLC, and DOES 1 to 10, and each of them, on all causes of action, for the following:

1. special and economic damages according to proof;

2. general and noneconomic damages according to proof;

3. emotional distress;

4. prejudgment interest;

5. costs of suit; and

6. any other and further relief that the court deems proper.

Dated: February 17, 2026                              THE LAW OFFICE OF ALEX FARZAN

By: _____

Alex Farzan, Esq.
Attorneys for Plaintiff,
DIONNA TURNER

10

PLAINTIFF'S COMPLAINT

## REQUEST FOR JURY TRIAL

Plaintiff demands a jury to try all claims triable by a jury.

Dated: February 17, 2026                    THE LAW OFFICE OF ALEX FARZAN

By: _____

Alex Farzan, Esq.
Attorneys for Plaintiff,
DIONNA TURNER

---

11

PLAINTIFF'S COMPLAINT